THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HERIBERTO ORTIZ-SANTIAGO,**

  Petitioner,

  v.

**UNITED STATES OF AMERICA,**

  Respondent.

**Civil No. 23-1071 (ADC)**
**[Related to Crim. No. 95-029-35 (ADC)]**

## OPINION AND ORDER

Heriberto Ortiz-Santiago ("petitioner") filed a *pro se* petition for relief under 28 U.S.C. § 2255 ("petition"), **ECF No. 3**. For the following reasons, the petition is **DENIED**.[1]

### I.  Procedural background

Petitioner was charged in a multi-defendant drug trafficking prosecution via a superseding indictment on June 4, 1997. Criminal No. 95-029, ECF No. 1598. Following a jury trial, petitioner was convicted of conspiracy to possess narcotics, conspiracy to kill while engaged in a drug trafficking conspiracy, aiding and abetting an intentional killing, and possessing a firearm in furtherance of a drug trafficking crime. *Id*. The Court sentenced petitioner to a sentence of a term of life imprisonment as to Counts One (1), Fifty-One (51) and Fifty-Three (53), to be served concurrently with each other, and to ten (10) years of imprisonment

---

[1] The case is summarily dismissed pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. *Carey v. United States*, 50 F.3d 1097, 1098 (1st Cir. 1995).

as to Count Sixty-Five (65), to be serve consecutively to the term imposed as to Counts One (1), Fifty-Five (51) and Fifty-Three (53). Criminal No. 95-029, ECF No. 2322.

Petitioner appealed. However, his conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit. Accordingly, the judgment became final on August 27, 2001. Criminal No. 95-029, ECF No. 2872.

Twenty years after, in 2023, petitioner filed the instant § 2255 petition.[2] Criminal No. 95-029, ECF No. 4139. Petitioner moved for collateral relief based on *United States v. Davis*, 588 U.S. 445 (2019), which he contends is an intervening legal development that justifies his otherwise untimely filing. The government filed a motion to dismiss. **ECF No. 13**. In essence, the government moves to dismiss the petition because neither *Davis* nor any other authority excuses petitioner's failure to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2255(f). *Id*.

II.   **Legal standard**

Title 28 of United States Code § 2255(f) establishes a one-year period of limitations for motions under § 2255.  In general, this period may run from one of four instances,

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Petitioner also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), Criminal No. 95-029, ECF No. 4141, which the Court denied. Criminal No. 95-029, ECF No. 4170.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *Ramos-Martínez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011). The limitations period may be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649).

However, equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted). A court's power to invoke equitable tolling must be exercised case by case. *Ramos-Martínez*, 638 F.3d at 322.

### III. Discussion

First, as correctly pointed out by the government, a § 2255 petition must be filed within one year of the date a conviction becomes final. 28 U.S.C. § 2255(f)(1). Because petitioner's conviction became final on August 27, 2001, his deadline to file was on August 28, 2002. Even if

the Court considers petitioner's reliance on *United States v. Davis*, the one-year limitations period under § 2255(f)(3) would have expired in 2020, one year after the *Davis* decision was issued. See y *Butterworth v. United States*, 775 F.3d 459, 464 (1st Cir. 2015). Thus, petitioner's 2023 filing is therefore facially untimely.

Petitioner did not suggest, much less show, the "extraordinary circumstances" or "reasonable diligence" required to warrant equitable tolling of the statute of limitations. By failing to allege a basis for tolling, the argument is waived. *See United States v. Nishnianidze*, 342 F.3d 6, 18 (1st Cir. 2003); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Likewise, from the record the Court gleans no extraordinary circumstance that stood in petitioner's way or otherwise preventing a timely filing.

Second, regardless of any timely filing issue, the petition is facially defective because petitioner did not raise his arguments to the First Circuit on direct appeal. Finally, as a separate and independent ground, the record has no showing of cause and prejudice, or actual innocence, to cure his failure to raise issues on direct appeal.

In view of the above, the government's motion to dismiss at **ECF No. 13** is **GRANTED**. Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 at **ECF No. 3** is **DENIED**. The case is hereby dismissed.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the

**Civil No. 23-1071 (ADC)**  Page 2

applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Considering all the above, the Court **DENIES** the COA.

Clerk of Court shall enter judgment.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 3rd day of March, 2026.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **United States District Judge**